UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| FREDY HEREDA-JUAREZ,<br><br>    Petitioner,<br><br>v.<br><br>TIMOTHY WENGLER,<br><br>    Respondent. | Case No. 1:12-cv-00499-EJL<br><br>**MEMORANDUM DECISION AND ORDER** |

  Pending before the Court is Petitioner Fredy Hereda-Juarez's Petition for Writ of Habeas Corpus (Dkt. 3). Respondent has filed a Motion for Partial Summary Dismissal (Dkt. 8). Petitioner has not responded to the Motion. The Court takes judicial notice of the records from Petitioner's state court proceedings, lodged by Respondent on July 1, 2013 (Dkt. 9). *See* Fed. R. Evid. 201(b); *Dawson v Mahoney*, 451 F.3d 550, 551 (9th Cir. 2006).

  Having carefully reviewed the record, including the state court record, the Court finds that the parties have adequately presented the facts and legal arguments in the briefs and record and that the decisional process would not be significantly aided by oral argument. Therefore, the Court shall decide this matter on the written motions, briefs and record without oral argument. D. Idaho L. Civ. R. 7.1(d). Accordingly, the Court enters

**MEMORANDUM DECISION AND ORDER  1**

the following Order granting the Motion and dismissing Claims 2 and 3 of the Petition with prejudice.

## BACKGROUND

Petitioner pleaded guilty in state court to first degree murder and robbery. He later filed a motion to withdraw his guilty pleas, which the court denied after a hearing. (State's Lodging A-1 at 159-60; A-2 at 175.) Petitioner was sentenced to a unified term of life imprisonment with 35 years fixed on the murder count, and to a unified term of 15 years imprisonment with 5 years fixed on the robbery count. (State's Lodging A-2 at 295-96.) Petitioner appealed, arguing that his sentences were excessive. (State's Lodging B-1.) The state moved to dismiss based on the plea agreement's appeal waiver; the Idaho Supreme Court granted the motion and dismissed the appeal. (State's Lodging B-2, B-3.)

Petitioner next filed a state petition for postconviction relief and was appointed counsel. (State's Lodging C-1 at 5, 30.) Counsel filed an amended petition, arguing that Petitioner's trial counsel was ineffective for allegedly (a) failing to provide adequate translation services to facilitate communication with him regarding the plea agreement, (b) failing to provide Petition with photocopies of discovery materials, (c) coercing Petitioner into pleading guilty, (d) failing to properly advise Petitioner regarding the decision to be subjected to a polygraph examination, (e) failing to properly advise Petitioner of his right to remain silent during an interview with a pre-sentence investigator and an examination by a psychiatrist, and (f) failing to argue the correct standard of proof during the hearing on Petitioner's motion to withdraw his guilty plea. (*Id*. at 122-25.)

**MEMORANDUM DECISION AND ORDER  2**

Petitioner also argued that his appellate counsel was ineffective for failing to challenge the admission at sentencing of the results of the polygraph examination and for failing to communicate at all with Petitioner about the appeal. (*Id.* at 125.) After a hearing, the state district court dismissed Petitioner's amended postconviction petition. (State's Lodging C-1 at 361; C-2.)

Petitioner appealed, arguing that his trial counsel was ineffective for "convincing [him] to accept the plea agreement without ensuring that he fully understood the terms of the plea bargain," for coercing Petitioner's guilty plea, and for failing to advise Petitioner that the polygraph examination could be used against him at sentencing. (State's Lodging D-1 at 6-8.) Petitioner also argued that his appellate counsel was ineffective for failing to appeal the denial of the motion to withdraw his plea. (*Id.* at 11-15.) The Idaho Court of Appeals affirmed the dismissal of Petitioner's postconviction petition, and the Idaho Supreme Court denied review. (State's Lodging D-4; D-7.)

Petitioner then filed the instant Petition for Writ of Habeas Corpus (Dkt. 3). Claim 1 alleges that trial counsel (a) coerced Petitioner into pleading guilty, and (b) provided ineffective assistance by failing to advise Petitioner that if he took a polygraph examination, the results could later be used against him at sentencing. (Pet. at 2.) Claim 2 asserts that appellate counsel was ineffective for "failing to confer with petitioner about the right to appeal regardless of any waiver of appellate rights." (*Id.*) Claim 3 asserts that Petitioner was denied due process by the state court's "arbitrary denial" of the motion to withdraw his guilty plea. (*Id.* at 3.)

**MEMORANDUM DECISION AND ORDER  3**

# DISCUSSION

Respondent argues that Claims 2 and 3 are procedurally defaulted and must be dismissed.

## 1. Standard of Law Governing Summary Dismissal

Rule 4 of the Rules Governing § 2254 Cases authorizes the Court to summarily dismiss a petition for writ of habeas corpus or claims contained in the petition when "it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." In such case, the Court construes the facts in a light most favorable to the petitioner.

## 2. Standard of Law Governing Procedural Default

A habeas petitioner must exhaust his remedies in the state courts before a federal court can grant relief on constitutional claims. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). This means that the petitioner must invoke one complete round of the state's established appellate review process, fairly presenting all constitutional claims to the state courts so that they have a full and fair opportunity to correct alleged constitutional errors at each level of appellate review. *Id.* at 845. In a state that has the possibility of discretionary review in the highest appellate court, like Idaho, the petitioner must have presented all of his federal claims at least in a petition seeking review before that court. *Id.* at 847.

When a habeas petitioner has not fairly presented a constitutional claim to the highest state court, and it is clear that the state court would now refuse to consider it

**MEMORANDUM DECISION AND ORDER  4**

because of the state's procedural rules, the claim is said to be procedurally defaulted. *Gray v. Netherland*, 518 U.S. 152, 161-62 (1996). Procedurally defaulted claims include those within the following circumstances: (1) when a petitioner has *completely failed* to raise a particular claim before the Idaho courts; (2) when a petitioner has raised a claim, but has failed to fully and fairly present it as a *federal* claim to the Idaho courts; or (3) when the Idaho courts have rejected a claim on an independent and adequate state procedural ground. *Id.*; *Baldwin v. Reese*, 541 U.S. 27, 32 (2004); *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

If a petitioner's claim is procedurally defaulted, a federal district court cannot hear the merits of the claim unless the petitioner meets one of two exceptions: a showing of adequate legal cause for the default and prejudice arising from the default, *Coleman*, 501 U.S. at 731, or a showing of actual innocence, which means that a miscarriage of justice will occur if the claim is not heard in federal court, *Murray v. Carrier*, 477 U.S. 478, 488 (1986); *Schlup v. Delo*, 513 U.S. 298, 329 (1995).

**3.     Claims 2 and 3 Are Procedurally Defaulted**

Contrary to Respondent's contention (Memo. in Support, Dkt. 8-1, at 9), Claim 2—that appellate counsel was ineffective for failing to confer with Petitioner regarding the appeal—*was* raised in Petitioner's state postconviction petition. (State's Lodging C-1 at 125.) However, Petitioner did not appeal the dismissal of that claim. (State's Lodging D-1.) Rather, with respect to ineffective assistance of appellate counsel, Petitioner argued only that counsel failed to appeal the denial of the motion to withdraw his plea. (*Id.* at 11-

**MEMORANDUM DECISION AND ORDER  5**

15.) Therefore, Claim 2 has not been properly exhausted. *See O'Sullivan*, 526 U.S. at 847. Further, because Petitioner cannot go back to state court to exhaust this claim, it is also procedurally defaulted. *See* Idaho Code §§ 19-4902 & 19-4908; *Gray*, 518 U.S. at 161-62.

Petitioner has never presented Claim 3 to any Idaho court, and it is now too late to do so. *See* Idaho Code §§ 19-4902 & 19-4908. Therefore, Claim 3 is procedurally defaulted as well. *See Gray*, 518 U.S. at 161-62.

Petitioner has not attempted to show that he is excused from the procedural default of Claims 2 and 3 on the basis of cause and prejudice or actual innocence. Thus, those two claims will be dismissed with prejudice.

## ORDER

**IT IS ORDERED:**

1. Respondent's Motion for Partial Summary Dismissal (Dkt. 8) is GRANTED. Claims 2 and 3 of the Petition are DISMISSED with prejudice.

2. Respondent shall file an Answer to the remaining claim **within 90 days** after entry of this Order. The answer should also contain a brief setting forth the factual and legal basis of grounds for dismissal and/or denial of the remaining claim. Petitioner shall file a reply (formerly called a traverse), containing a brief rebutting Respondent's answer and brief, which shall be filed and served **within 30 days** after service of the answer. Respondent has the option of filing a sur-reply **within 14 days** after service of the reply. At

**MEMORANDUM DECISION AND ORDER  6**

that point, the case shall be deemed ready for a final decision.

3. No party shall file supplemental responses, replies, affidavits or other documents not expressly authorized by the Local Rules without first obtaining leave of Court.

4. No discovery shall be undertaken in this matter unless a party obtains prior leave of Court, pursuant to Rule 6 of the Rules Governing Section 2254 Cases.

DATED: **December 17, 2013**

Honorable Edward J. Lodge
U. S. District Judge

**MEMORANDUM DECISION AND ORDER  7**