UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| FREDY HEREDIA-JUAREZ,<br><br>                  Petitioner,<br><br>v.<br><br>TIMOTHY WENGLER,<br><br>                  Respondent. | Case No. 1:12-cv-00499-EJL<br><br>**MEMORANDUM DECISION AND ORDER** |

      Pending before the Court is Petitioner Fredy Heredia-Juarez's Petition for Writ of Habeas Corpus (Dkt. 3). The Petition asserts three claims. The Court previously granted Respondent's Motion for Partial Summary Dismissal and dismissed Claims 2 and 3 as procedural defaulted. (Dkt. 12.) Claim 1 is therefore the only claim remaining for consideration on the merits. Claim 1 has two sub-claims. Claim 1(a) alleges that Petitioner's trial counsel rendered ineffective assistance, in violation of the Sixth Amendment, by coercing Petitioner to plead guilty. Claim 1(b) alleges that Petitioner's trial counsel provided ineffective assistance by failing to advise Petitioner that if he took a polygraph examination, the results could later be used against him at sentencing.

      Respondent has filed an Answer and Brief in Support of Dismissal of Claims 1(a)

**MEMORANDUM DECISION AND ORDER - 1**

and 1(b). (Dkt. 13.) Petitioner has not filed a reply. The Court takes judicial notice of the records from Petitioner's state court proceedings, lodged by Respondent on July 1, 2013, and March 20, 2014. (Dkt. 9, 14.) *See* Fed. R. Evid. 201(b); *Dawson v. Mahoney*, 451 F.3d 550, 551 (9th Cir. 2006).

Having carefully reviewed the record, including the state court record, the Court finds that the parties have adequately presented the facts and legal arguments in the briefs and record and that the decisional process would not be significantly aided by oral argument. Therefore, the Court will decide this matter on the written motions, briefs and record without oral argument. D. Idaho L. Civ. R. 7.1(d). Accordingly, the Court enters the following Order denying Claims 1(a) and 1(b) and dismissing this case.

## BACKGROUND

In December 2006, three individuals—James John, Jesse Coates, and Petitioner—robbed a credit union. Shortly thereafter, Petitioner and John "became worried that Coates would inform the police that they had been involved" in the robbery. *Heredia-Juarez v. State of Idaho*, Appeal Nos. 38543, 38544, Unpublished Opinion No. 505 (Idaho Ct. App. June 5, 2012) (State's Lodging D-4) at 1. Petitioner, James John, and two other individuals "took Coates to a remote location where Coates was fatally shot." (*Id.*) Petitioner ultimately admitted to being involved in Coates's murder, but he claimed he did not fire the fatal shot. (*Id*. at 1-2.) Petitioner agreed to take a polygraph examination and denied shooting Coates. The results of the polygraph "indicated that his denial was deceptive." (*Id*. at 2.)

**MEMORANDUM DECISION AND ORDER - 2**

Petitioner pleaded guilty, pursuant to a plea agreement, to one count of first degree murder and one count of robbery. (State's Lodging A-1 at 44; A-2 at 5-9, 23, 32.) In exchange for Petitioner's guilty plea, the state agreed to dismiss two other robbery counts, as well as a count of conspiracy to commit murder; the state also agreed to limit its sentencing recommendation to imprisonment for 35 years to life. (State's Lodging A-2 at 8.) Petitioner later obtained new counsel and filed a motion to withdraw his guilty plea, but that motion was denied. (State's Lodging A-2 at 175.)

At sentencing, Petitioner objected to the admission of the polygraph examination results. (*Id*. at 183-89.) Relying on Idaho Criminal Rule 32, which states that "[i]n the trial judge's discretion, the judge may consider material contained in the presentence report which would have been inadmissible under the rules of evidence applicable at a trial," the sentencing court held that the polygraph results were admissible. (State's Lodging A-2 at 196.) The court noted that although the polygraph results were a part of the record, they were "just a piece of the puzzle." (*Id*. at 197.)

The court sentenced Petitioner to 35 years to life in prison on the first-degree murder count and 5 to 15 years on the robbery count, the sentences to run concurrently. (State's Lodging D-4 at 2.) Petitioner filed a direct appeal, which was dismissed based on the appeal waiver contained in Petitioner's plea agreement. (*Id*.; State's Lodging B-3.) Petitioner then filed a state postconviction petition. The state district court dismissed the petition, and the Idaho Court of Appeals affirmed. (State's Lodging D-4.) Petitioner also pursued state postconviction remedies, which were unsuccessful.

**MEMORANDUM DECISION AND ORDER - 3**

## DISCUSSION

**1.     Habeas Corpus Standard of Law**

Federal habeas corpus relief may be granted on claims adjudicated on the merits in a state court judgment when the federal court determines that the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Under § 2254(d), as amended by the Anti-terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), federal habeas relief is further limited to instances where the state court's adjudication of the petitioner's claim

>  (1)   resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
>  (2)   resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). A state court need not "give reasons before its decision can be deemed to have been 'adjudicated on the merits'" under § 2254(d). *Harrington v. Richter*, 131 S. Ct. 770, 785 (2011).

When a party contests the state court's legal conclusions, including application of the law to the facts, § 2254(d)(1) governs. That section consists of two alternative tests: the "contrary to" test and the "unreasonable application" test.

Under the first test, a state court's decision is "contrary to" clearly established federal law "if the state court applies a rule different from the governing law set forth in

**MEMORANDUM DECISION AND ORDER - 4**

[the Supreme Court's] cases, or if it decides a case differently than [the Supreme Court] [has] done on a set of materially indistinguishable facts." *Bell v. Cone*, 535 U.S. 685, 694 (2002).

Under the second test, to satisfy the "unreasonable application" clause of § 2254(d)(1) the petitioner must show that the state court—although identifying "the correct governing legal rule" from Supreme Court precedent—nonetheless "unreasonably applie[d] it to the facts of the particular state prisoner's case." *Williams (Terry) v. Taylor*, 529 U.S. 362, 407 (2000). A federal court cannot grant habeas relief simply because it concludes in its independent judgment that the decision is incorrect or wrong; rather, the state court's application of federal law must be objectively unreasonable to warrant relief. *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003); *Bell*, 535 U.S. at 694.

In *Harrington v. Richter*, 131 S. Ct. at 785-86, the United States Supreme Court reiterated that a federal court may not simply re-determine a claim on its merits after the highest state court has done so, just because the federal court would have made a different decision. Rather, the review is necessarily deferential. The Supreme Court explained that under § 2254(d), a habeas court (1) "must determine what arguments or theories supported or . . . could have supported, the state court's decision"; and (2) "then it must ask whether it is possible [that] fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of this Court." *Id*. at 786. If fairminded jurists could disagree on the correctness of the state court's decision, then a federal court cannot grant relief under § 2254(d)(1). *Id*. The Supreme Court emphasized: "It bears

**MEMORANDUM DECISION AND ORDER - 5**

repeating that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id*.

Though the source of clearly established federal law must come from the holdings of the United States Supreme Court, circuit precedent may be persuasive authority for determining whether a state court decision is an unreasonable application of Supreme Court precedent. *Duhaime v. Ducharme*, 200 F.3d 597, 600-01 (9th Cir. 1999). However, circuit law may not be used "to refine or sharpen a general principle of Supreme Court jurisprudence into a specific legal rule that th[e] Court has not announced." *Marshall v. Rodgers*, 133 S. Ct. 1446, 1450 (2013). A federal habeas court reviews the state court's "last reasoned decision" in determining whether a petitioner is entitled to relief. *Ylst v. Nunnemaker*, 501 U.S. 797, 804 (1991).

As to the facts, the United States Supreme Court has clarified "that review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, 131 S.Ct. 1388, 1398 (2011). This means that evidence not presented to the state court may not be introduced on federal habeas review if a claim was adjudicated on the merits in state court and if the underlying factual determinations of the state court were not unreasonable. *See Murray v. Schriro*, 745 F.3d 984, 999 (9th Cir. 2014).

When a petitioner contests the reasonableness of the state court's factual determinations, a federal court must undertake a § 2254(d)(2) analysis. To be eligible for relief under § 2254(d)(2), the petitioner must show that the state court decision was "based

**MEMORANDUM DECISION AND ORDER - 6**

on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." The United States Supreme Court has admonished that a "state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance." *Wood v. Allen*, 130 S. Ct. 841, 849 (2010).

The United States Court of Appeals for the Ninth Circuit has identified five types of unreasonable factual determinations that result from procedural flaws that occurred in state court proceedings: (1) when state courts fail to make a finding of fact; (2) when courts mistakenly make factual findings under the wrong legal standard; (3) when "the fact-finding process itself is defective," such as when a state court "makes evidentiary findings without holding a hearing"; (4) when courts "plainly misapprehend or misstate the record in making their findings, and the misapprehension goes to a material factual issue that is central to petitioner's claim"; or (5) when "the state court has before it, yet apparently ignores, evidence that supports petitioner's claim." *Taylor v. Maddox*, 366 F.3d. 992, 1000-01 (9th Cir. 2004). State court findings of fact are presumed to be correct, and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

If the state court factual determination was unreasonable, then the federal court is not limited by § 2254(d)(1), but proceeds to a de novo review of the claims, which may include consideration of evidence outside the state court record, subject to the limitations of § 2254(e)(2). *Murray v. Schriro*, 745 F.3d 984, 1000 (9th Cir. 2014).

**MEMORANDUM DECISION AND ORDER - 7**

## 2. Standard of Law for Ineffective Assistance of Counsel Claims

The Sixth Amendment to the United States Constitution provides that a criminal defendant has a right to the effective assistance of counsel in his defense. The standard for ineffective assistance of counsel ("IAC") claims is set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). A petitioner asserting ineffective assistance of counsel must show that (1) "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment," and (2) those errors "deprive[d] the defendant of a fair trial, a trial whose result is reliable." *Id*. at 687.

Whether an attorney's performance was deficient is judged against an objective standard of reasonableness. *Id.* at 687-88. A reviewing court's inquiry into the "reasonableness" of counsel's actions must not rely on hindsight:

> Judicial scrutiny of counsel's performance must be highly deferential. It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable. A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy. There are countless ways to provide effective assistance in any given case. Even the best criminal defense attorneys would not defend a particular client in the same way.

*Id.* at 689 (internal citations and quotation marks omitted).

Strategic decisions "are virtually unchallengeable" if "made after thorough investigation of law and facts relevant to plausible options." *Strickland*, 466 U.S. at 690. Moreover, an attorney who decides not to investigate a potential defense theory is not ineffective so long as the decision to forego investigation is itself objectively reasonable:

> [S]trategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation. In other words, counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary. In any ineffectiveness case, a particular decision not to investigate must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments.

*Id.* at 690-91.

The Ninth Circuit has provided some insight into the *Strickland* standard when evaluating an attorney's "strategy calls." These cases are instructive in the Court's assessment of whether the state court reasonably applied *Strickland*. *Duhaime*, 200 F.3d at 600. First, tactical decisions do not constitute ineffective assistance simply because, in retrospect, better tactics are known to have been available. *Bashor v. Risley*, 730 F.2d 1228, 1241 (9th Cir. 1984). Second, a mere difference of opinion as to tactics does not render counsel's assistance ineffective. *United States v. Mayo*, 646 F.2d 369, 375 (9th Cir. 1981).

If a petitioner shows that counsel's performance was deficient, the next step is the

prejudice analysis. "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Strickland*, 466 U.S. at 691. To satisfy the prejudice standard, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. As the *Strickland* Court instructed:

> In making this determination, a court hearing an ineffectiveness claim must consider the totality of the evidence before the judge or jury. Some of the factual findings will have been unaffected by the errors, and factual findings that were affected will have been affected in different ways. Some errors will have had a pervasive effect on the inferences to be drawn from the evidence, altering the entire evidentiary picture, and some will have had an isolated, trivial effect. Moreover, a verdict or conclusion only weakly supported by the record is more likely to have been affected by errors than one with overwhelming record support. Taking the unaffected findings as a given, and taking due account of the effect of the errors on the remaining findings, a court making the prejudice inquiry must ask if the defendant has met the burden of showing that the decision reached would reasonably likely have been different absent the errors.

*Id.* at 695-96. To constitute *Strickland* prejudice, "[t]he likelihood of a different result must be substantial, not just conceivable." *Harrington v. Richter*, 562 U.S. 86, 131 S. Ct. 770, 792 (2011).

To show prejudice based on deficient performance of counsel in a case where, as here, the petitioner pleaded guilty, the petitioner "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have
**MEMORANDUM DECISION AND ORDER - 10**

insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

When evaluating a claim of ineffective assistance of counsel in a federal habeas proceeding under § 2254(d)(1), the Court's review of that claim is "doubly deferential." *Cullen v. Pinholster*, 131 S. Ct. 1388, 1403 (2011).

3.  **Analysis of Claim 1(a): Ineffective Assistance of Trial Counsel Based on Counsel's Allegedly Coercing Petitioner to Plead Guilty**

In rejecting Petitioner's IAC claims, the Idaho Court of Appeals correctly cited *Strickland v. Washington*. (State's Lodging D-4 at 4.) Therefore, the decision was not "contrary to" clearly-established Supreme Court precedent. 28 U.S.C. § 2254; *see Bell*, 535 U.S. at 694. With respect to Claim 1(a)—that Petitioner's counsel coerced him into pleading guilty—the state court found that Petitioner had "presented no evidence that his attorney used any sort of intimidation or other improper tactics to pressure him into pleading guilty." (State's Lodging at 6-7.) Petitioner did not argue that his attorney was inadequately prepared, ignorant of relevant law, or had any "other shortcomings capable of objective review." (*Id*. at 7.) Thus, the court held that Petitioner "failed to establish either deficient performance or prejudice." (*Id*.)

The Idaho Court of Appeals' implicit finding that Petitioner was not coerced into pleading guilty was a reasonable determination of the facts. *See* 28 U.S.C. § 2254(d)(2). Petitioner has not pointed to any evidence in the record that would call this finding into question. To the contrary, when asked in his guilty plea advisory form if he understood that "no one, including your attorney, can force you to plead guilty," Petitioner answered,

"Yes."

Because the finding that counsel did not coerce Petitioner is presumed correct under § 2254(e)(1), it necessarily follows that the Idaho Court of Appeals' decision that Petitioner's counsel did not render ineffective assistance with respect to the guilty plea was a reasonable application of *Strickland*. *See* 28 U.S.C. § 2254(d)(1). In support of Claim 1(a), Petitioner states only that he "was coerced by counsel to plead guilty." (Dkt. 3 at 2.) This is woefully insufficient to establish that Petitioner is entitled to habeas relief.

For the foregoing reasons, Petitioner is not entitled to relief on Claim 1(a).

**4.     Analysis of Claim 1(b): Ineffective Assistance of Trial Counsel Based on Trial Counsel's Alleged Failure to Warn Petitioner, Prior to the Polygraph Examination, that the Results of the Polygraph Could Be Used Against Petitioner at Sentencing.**

On appeal from the denial of Petitioner's state postconviction petition, Petitioner argued that trial counsel was ineffective for failing to explain that the polygraph results—which indicated that Petitioner was lying when he denied pulling the trigger—could be used at sentencing. The Idaho Court of Appeals initially stated that because Petitioner had failed raise this argument in the trial court, the issue had not been preserved for appeal.

Alternatively, however, the court concluded on the merits that Petitioner could demonstrate no prejudice from counsel's alleged failure because he was told by the police, prior to submitting to the polygraph, that anything Petitioner said could later be used against him. (State's Lodging D-4 at 7-8.) Additionally, the court determined that

Petitioner did not suffer prejudice because his sentence would have been the same, regardless of whether the polygraph results were considered at sentencing. The trial judge specifically stated that "whether [Petitioner] pulled that trigger or whether he didn't *does not alter the decision* that I'm going to make here with regard to the ultimate sentence." (*Id.* at 8) (emphasis added). The Idaho Court of Appeals' rejection of Petitioner's claim that he should have been warned that the polygraph results could be used against him at sentencing was a reasonable application of *Strickland*.

For the foregoing reasons, Petitioner is not entitled to relief on Claim 1(b).

## CONCLUSION

The Idaho Court of Appeals' decision that Petitioner received effective assistance of counsel during plea negotiations and with respect to the polygraph results did not "involve[] an unreasonable application" clearly established Supreme Court precedent, nor were the court's factual determinations underlying that decision unreasonable. 28 U.S.C. § 2254(d). Therefore, the Court will deny Claims 1(a) and 1(b), the only claims remaining in this case, and dismiss this habeas case with prejudice.

## ORDER

**IT IS ORDERED:**

1. The Petition for Writ of Habeas Corpus (Dkt. 3) is DENIED, and this entire action is DISMISSED with prejudice.

2. The Court does not find its resolution of this habeas matter to be reasonably debatable, and a certificate of appealability will not issue. *See* 28 U.S.C.

**MEMORANDUM DECISION AND ORDER - 13**

§ 2253(c); Habeas Rule 11. If Petitioner wishes to appeal, he must file a timely notice of appeal with the Clerk of Court. Petitioner may seek a certificate of appealability from the Ninth Circuit by filing a request in that court.

DATED: April 17, 2015

_____
Edward J. Lodge
United States District Judge